IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ELIA A. AGUNDIS )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JOHN LEON RICE, COUNTY OF )<br>OKTIBBEHA MS SHERIFF )<br>DEPARTMENT, OKTIBBEHA )<br>COUNTY CHANCERY COURT )<br>JUDGE DOROTHY COLOM, and )<br>CITY OF COLUMBUS MS )<br>POLICE DEPARTMENT )<br>)<br>Defendants. | CIVIL ACTION NO. 16-122-CG-B |

**ORDER**

This matter is before the Court on Plaintiff's Emergency motion to stay Chancery Court proceedings. (Doc. 3). Upon review of the motion, the Court construes it to be a motion for a temporary restraining order ("TRO") and finds that the motion is due to be denied.

This Court previously noted the applicable standard for a preliminary injunctive relief in Hammock ex rel. Hammock v. Keys et al., 93 F.Supp.2d 1222 (S.D. Ala. 2000):

> A party seeking a preliminary injunction must establish the following four factors: (1) a substantial likelihood of success on the merits; (2) a threat of irreparable injury; (3) that its own injury would outweigh the injury to the nonmovant; and (4) that the injunction would not disserve the public interest. Tefel v. Reno, 180 F.3d 1286, 1295 (11th Cir.1999); McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir.1998). The Court should be mindful that a preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant has clearly satisfied the burden of persuasion as to the four requisites.

> McDonald's, 147 F.3d at 1306; Northeastern Fl. Chapter of the Ass'n of Gen. Contractors of Am. v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir.1990).

Id., at 1226-27. The same standard applies to a request for a temporary restraining order as to a request for a preliminary injunction. Morgan Stanley DW Inc., v. Frisby, 163 F.Supp.2d 1371, 1374 (N.D.Ga. 2001), citing Ingram v. Ault, 50 F.3d 898, 900 (11th Cir.1995). After reviewing Plaintiff's motion, the Court concludes that Plaintiff has not met her burden of showing a substantial likelihood of success on the merits.

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C.A. § 2283 (Anti–Injunction Act). Under the facts reported by Plaintiff, the exceptions to the Anti-Injunction Act do not appear to apply to this case. "[S]ince the statutory prohibition against such injunctions in part rests on the fundamental constitutional independence of the States and their courts," the exceptions in the Act should be narrowly construed. Coast Line R. Co. v. Bhd. of Locomotive Engineers, 398 U.S. 281, 287 (1970) "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." Id. at 297.

Plaintiff has not demonstrated that any exceptions to the Anti-Injunction Act should apply that would allow this Court to enjoin an ongoing Chancery Court

proceeding in Oktibbeha County. Accordingly, Plaintiff's motion to stay Chancery Court proceedings (Doc. 3), is **DENIED**.

**DONE** and **ORDERED** this 31st day of March, 2016.

/s/ Callie V. S. Granade
**SENIOR UNITED STATES DISTRICT JUDGE**